UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


LUIS ALFREDO ZULUAGA,            )        CASE NO.  4:06 CV 0373
                                 )
            Petitioner,          )        JUDGE JACK ZOUHARY
                                 )
      v.                         )
                                 )        MEMORANDUM OF OPINION
                                 )         AND ORDER
T.R. SNIEZEK, F.C.I. ELKTON,     )
                                 )
            Respondent.          )


On February 16, 2006, pro se petitioner Luis Alfredo Zuluaga filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Mr. Zuluaga, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), brings this action against Warden Sniezek at F.C.I. Elkton.  The petitioner seeks an order from this court correcting the BOP's alleged failure to properly credit his sentence based on the sentencing court's directive.

*Factual and Procedural Background*

Luis Alfredo Zuluaga was sentenced in the United States District Court for the Eastern District of New York to 120 months in prison on June 24, 1992 based on his conviction of conspiracy to import cocaine.  United States v. Zuluaga, No.  91-CR-808-01 (E.D. NY).  Some months later, he was indicted by a federal grand jury in the United States District Court for the Southern District of Florida on unrelated drug charges.  He pleaded guilty to these charges and the court imposed a sentence of 262 months on December 17, 1993. The court also ordered his 262

month sentence to run concurrently to the 120 month sentence imposed by the court in New York. Mr. Zuluaga notes in his petitition that the judge set forth the following terms during his sentencing hearing:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 262 months as to Count 1, 2, and 3 of the Indictment, terms to run concurrent and shall run concurrent with the sentence imposed in the Eastern District of New York case number 91-CR-808-01.

(Pet. at 3.)  He now argues that when the BOP calculated the starting and ending dates of his sentence it failed to credit him for the period of time between June 24, 1992 and December 17, 1993 when he was serving his first sentence.  It is Mr. Zuluaga's belief that when the District Court of Florida ordered that he be given credit on his sentence this must include the 29 months he had already served on his sentence in New York.  As such, the BOP is depriving him of sentencing credit to which he is entitled.

A review of his attachments reveals that Mr. Zuluaga fully exhausted his administrative remedies to the National Inmate Appeal Administrator, Harrell Watts.  Like the warden and the BOP's Regional Director, Mr. Watts denied the petitioner's appeal based on BOP policy and the statutory determination of when a sentence commences, as set forth in Program Statement (PS) 5880.28, Sentence Computation Manual-CCCA and 18 U.S.C. 3585.

In Warden Sniezak's response to Mr. Zuluaga's Request for Administrative Remedy he noted:

> [O]n June 24, 1992, you were sentenced in the Eastern District of New York to 120 months for Possession/Distribution of Cocaine. Your sentence computation was complete on July 17, 1992, for the 120 months awarding you 335 days prior custody credit and 470

> days Good Conduct Time giving you a projected release date
> of April 9, 2000.

(Pet.'s Atth. #8, Response of 9/23/05 Sniezek to Zuluaga.)  After the District Court for the Southern District of Florida sentenced Mr. Zuluaga to a term of 262 months imprisonment on December 17, 1993, to run concurrently to his New York sentence, the BOP treated the New York and Florida federal sentences as a single, aggregate term of imprisonment pursuant to 18 U.S.C. 3584c.  As such, the second sentence was aggregated with the first.  The BOP based the commencement date of his second sentence on 18 U.S.C. 3585(a), calculating it as the date he was in detention after sentencing for service of that sentence, or December 17, 1993.  Therefore, in the aggregate, Mr. Zuluaga received credit on the concurrent term of imprisonment imposed by the District Court of New York. The Warden also noted that Mr. Zuluaga's Florida sentence could not commence prior to the date it was imposed.

## *Analysis*

Mr. Zuluaga maintains that:

> 1. A district court has authority under Sentencing Guidelines to adjust prisoner's sentence for time served on his pre-existing federal conviction.

> 2. District Court did not issue nonbinding recommendation that Bureau of Prisons (BOP) was free to ignore when it indicated that prisoner was 'to receive credit fo amount of time served.'

(Pet. at 2.)  In support of his assertion, he refers to the court's Judgment and Commitment Order, wherein Judge Graham of the Southern District Court of Florida stated: "Defendant shall recieve [sic] credit for time served as applicable by statute."  (Pet. Atth. # 2, U.S. v. Zuluaga, No. 92-674-CR, J&C at 2.)  As such, Mr. Zuluaga believes that Judge Graham intended to adjust his sentence

3

of 262 months to 233 months to reflect an award of 29 months credit for time served.  Therefore, contrary to the analysis upon which the BOP denied his request for relief, Mr. Zuluaga argues that he is entitled to "credit for time served on a pre-existing sentence [, which] is within the exclusive power of the sentencing court."  (Pet. at 6.)

Relying on the Third Circuit's opinion in United States v. Dorsey, 166 F.3d 558 (3rd Cir. 1998), Mr. Zuluaga sets forth that, unlike the limitations imposed by §3585, the Guidelines authorize the district court to award credit to a defendant's sentence for time served.  He maintains that his circumstances are analogous to Dorsey and that Judge Graham intended to provide sentencing credit that the BOP is now refusing to award to him.

*Sentence Commencement*

It is the responsibility of the BOP to calculate any sentence credits to which a federal defendant may be entitled for pre-sentence time spent in official detention. United States v. Wilson, 503 U.S. 329, 334-37 (1992); McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir.1993).  A defendant may receive sentence credit for any time that he has been incarcerated prior to the commencement of his sentence if he was incarcerated "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b).  The statute explicitly bars a prisoner from receiving "a double credit for his detention time." Wilson, 503 U.S. at 337.

Mr. Zuluaga argues that the court never intended to award him credit pursuant to 18 U.S.C. § 3585(b), but instead sought to credit his sentence for time served pursuant to the United States Sentencing Guidelines.  While he is correct in citing Dorsey for the proposition that a district

4

court has authority, pursuant to application note 2 to § 5G1.3(b) of the Sentencing Guidelines, to grant sentencing credit against a federal sentence for time spent in custody on a related state sentence, there is no evidence that Judge Graham awarded Mr. Zuluaga such credit.[1]

In Dorsey, the Third Circuit acknowledged the confusion that can arise over whether "credit" has been granted pursuant to statute or under the provisions of the Guidelines in effect at that time.   At that time, Guidelines application note 2, captioned "Adjusted concurrent sentence–subsection (b) case," provided:

> When a sentence is imposed pursuant to subsection (b), the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons.

U.S. SENTENCING GUIDELINES MANUAL §5G1.3(b), cmt. n.2.  The Dorsey court went on to cite and paraphrase applicable examples from the Guideline note, as follows:

> The defendant is convicted of a federal offense charging the sale of 30 grams of cocaine. Under § 1B1.3 (Relevant Conduct), the defendant is held accountable for the sale of an additional 15 grams of cocaine, an offense for which the defendant has been convicted and sentenced in state court.
> Continuing with the example, the note further assumes that the guideline range is 10 to 16 months and that the defendant was sentenced in state court to nine months on which he has already served six months. In these circumstances, the note advises the district court that, if it decides that a 13-month federal sentence is appropriate, it should shorten that sentence to seven months and, in this way, give credit on the federal sentence for the six months already served on the state sentence.  The application note closes by advising the sentencing court that it should note on the sentencing order what

---

[1] The Commentary to § 5G1.3(b) was amended in 2003 by striking Notes 2 through 7.

>it has done so that the adjustment is not confused with a departure from the guideline range but rather recognized as a 'credit[ ]' under § 5G1.3(b) for time served 'that will not be credited to the federal sentence under 18 U.S.C. § 3585(b).' (brackets added).

Dorsey, 166 F.3d at 560.  Therefore, if Judge Graham intended to credit Mr. Zuluaga's sentence pursuant to the applicable Guidelines in effect at the time, he would have explicitly imposed a sentence that reflected this adjusted sentence.

In the Judgment and Commitment order issued by Judge Graham he stated that  Mr. Zuluaga was entitled to "credit for time served as applicable by statute."  (Pet. Atth. # 2, U.S. v. Zuluaga, No. 92-674-CR, J&C at 2)(emphasis added).  If Judge Graham intended to provide credit under the Guidelines it would have been reflected in a shortened sentence to 233 months to give credit for the 29 months Mr. Zuluaga already served on his unexpired federal sentence from New York.  Thus, it abundantly clear that the explicit authority through which Judge Graham sought to award credit on Mr. Zuluaga's sentence was not under the Guidelines, but by statute.  Again, the relevant statute for awarding credit to a prisoner's sentence is 18 U.S.C. § 3585.

By his own admission, Mr. Zuluaga is not entitled to additional credit under § 3585 because he already received credit toward his federal sentence in New York for the time period he was awaiting federal sentencing in Florida.  See 18 U.S.C. § 3585(b); United States v. Wilson, 503 U.S. 329, 337 (1992)(court could not award credit to a sentence when credit has been applied to another sentence for the same time period); McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir.1993).  Therefore, the BOP's computation of his federal sentence in Florida to commence on the date it was imposed is the fullest expression of the court's authority to run the sentences concurrently.

Based on the foregoing, the matter is dismissed  pursuant to 28 U.S.C. § 2243.

6

The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could

not be taken in good faith.

IT IS SO ORDERED.

*s/    Jack Zouhary*   5/5/06

JACK ZOUHARY
UNITED STATES DISTRICT JUDGE

7